UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT DETLOFF,

          Petitioner,

v.

J.A. TERRIS,

          Respondent.

Case No. 2:17-cv-14175
Hon. Terrence G. Berg

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DENYING PENDING MOTIONS (Dkts. 6, 7, 11, 15) AS MOOT**

Scott Detloff ("Petitioner") was a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan when he filed this action under 28 U.S.C. § 2241. Petitioner claims that the Bureau of Prisons ("BOP") miscalculated his release date by failing to account for good conduct time and jail credits he earned after he was resentenced to a "time served" sentence, and requests that his supervised release be terminated immediately. Although Petitioner styles his claim for relief as for habeas corpus, that form of relief is only available for persons in custody. Consequently, the Court will construe this petition as for "*coram nobis*" relief. For the reasons set forth below, the petition for a writ of *coram nobis* is **DENIED**.

1

## I. Background

On July 16, 2014, Petitioner was sentenced to a 60-month term of imprisonment followed by two years of supervised release for his conviction of mail theft under 18 U.S.C. § 1708. Dkt. 10-4, PageID.75–81. On the same day, Petitioner was also sentenced to a 24-month term of imprisonment for violating the terms of his supervised release. Dkt. 10-5, PageID.82–84. This 24-month sentence was to run consecutively to his 60-month sentence, for a total aggregate sentence of 84 months imprisonment (seven years) followed by two years of supervised release. *Id*.

On December 4, 2015, Petitioner's supervised release violation sentence was reduced to 12 months of incarceration, still to run consecutive to the mail theft term. Dkt. 10-6, PageID.85–87. Then, on September 1, 2017, Petitioner was resentenced on his mail theft conviction to "[t]ime served from the original sentencing date of July 16, 2014." Dkt. 10-7, PageID.88–95. At the same time, the Court changed Petitioner's supervised release to a one-year term upon release from imprisonment. *Id*. at PageID.90.

To compute Petitioner's "time served" sentence, the BOP was required to account for the prior jail credit and good conduct time that Petitioner had up to the time of his resentencing. Accordingly, the BOP's online automated information system indicated a starting point for Petitioner's sentence as July 16, 2014, then it added 72

2

days of prior custody credit ("JC DAYS"), and 179 days of good conduct time ("GCT AWARDED"), for a total of 251 days. Dkt. 1, Ex. 1, PageID.12. Accounting for these credits, and in order to create an actual walk out date of September 1, 2017, (to make the sentence one for "time served"), the system calculated the sentence to be one for 3 years, 9 months, and 25 days.[1] *Id*. Adding Petitioner's 12-month consecutive supervised release sentence to the time served sentence thus created an aggregate sentence of 4 years, 9 months, and 25 days running from July 16, 2014.[2] Dkt. 1, Ex. B, PageID.13. Four years, 9 months and 25 days from July 16, 2014, is May 11, 2019.

The aggregate term (4 years, 9 months, and 25 days from the original sentencing date of July 16, 2014) assumes no good conduct or jail credit time. So, subtracting out the 72 days of jail credit and all the prior-earned and projected 226 days of good conduct time credit (a total of 298 days) resulted in a final *actual* release date of

---

[1] The period from July 16, 2014, to September 1, 2017, is only 3 years, 1 month, and 16 days. Adding the 251 days of GCT and JC days to this equals 3 years, 9 months, and 25 days, and brings the end date to May 11, 2018.

[2] Recall, the term of 3 years, 9 months, and 25 days was calculated by *adding back in* jail credit and good conduct time credit in order to create a "time served" sentence that ran between July 16, 2014, and September 1, 2017. Adding in the consecutive 12-month term yields an aggregate sentence of 4 years, 9 months, and 25 days, which from July 16, 2014, yields an end date of May 11, 2019. That would have been the end-date if Petitioner's other credits were never accounted for.

July 16, 2018.³ And indeed, the website for the Federal Bureau of Prisons indicates that Petitioner was released from their custody on that date. Dkt. 14.

In other words, Petitioner was ultimately sentenced to a 3-year, 9-month, and 25-day term of imprisonment for his conviction of mail theft, and a consecutive 12-month term of imprisonment for his supervised release violation conviction. The sentence began on July 16, 2014. On September 11, 2017, Petitioner's sentence for the mail fraud conviction ended early, because of good conduct and jail credit time. He then began his consecutive 12-month sentence for supervised release violation conviction. That sentence also ended early, again because of accrued good conduct time. Instead of staying in prison until September 11, 2018 (12 months from the end of his first sentence), he was released on July 16, 2018, a full 57 days short of 12 months. At that point, Petitioner began his one-year term of supervised release.

Petitioner argues that after he was resentenced to time served on his mail theft conviction, the BOP miscalculated his sentence by "adding 179 days of good conduct time (GCT) to [his] time-served sentence and not subtracting 72 days jail credit." Dkt. 1, PageID.2. He argues that his release date should have been December 7, 2017,

---

³ Subtracting 298 days from May 11, 2019, yields a date of July 16, 2018.

and now asks the Court to immediately discharge him from supervised release. Dkt 15, PageID.134. In essence, Petitioner is arguing that the 72 days he erroneously served in prison should not be counted the same way that good conduct time is being counted, but rather in the opposite way. As the Court understands it, the Petitioner seeks to calculate his sentence by first starting at September 1, 2017, then adding 107 days (179 minus 72), not 251 days. This would produce the effective sentence end date of December 7, 2017.

Petitioner challenged the computation of his sentence by requesting a recalculation on January 26, 2018. Dkt. 10-8, PageID.96–114. The request was denied on January 30, 2018. *Id*. Petitioner appealed to the Northeast Regional Office. *Id*. The appeal was ultimately denied on March 22, 2018. *Id*. Petitioner did not exhaust his final level of administrative appeal, but the government waives the requirement that he do so. Dkt. 10, PageID.56.

## II. Discussion

Petitioner indicates that he is still serving a period of supervised release, so his petition is not moot. Dkt. 15. The government did not challenge Petitioner's standing to bring a habeas petition while out of physical custody,[4] so the Court will construe Petitioner's petition

---

[4] Petitioner sought writ under 28 U.S.C. § 2241, which states, "The writ of habeas corpus shall not extend to a prisoner unless … [h]e is *in custody*[.]" 28 U.S.C. §2241(c)(1–3) (emphasis added).

5

now as one for writ of *coram nobis*, not habeas corpus. The writ of *coram nobis* is available "when a [habeas] motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for [habeas] relief." *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001). A district court's determination of factual issues in *coram nobis* is upheld unless clearly erroneous. *Id.*; *Blanton v. United States,* 94 F.3d 227 (6th Cir. 1996).

A writ of habeas corpus may be granted to a federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(b)(3). The United States Attorney General, through the Bureau of Prisons, is responsible for administering the sentences of federal prisoners. *United States v. Wilson*, 503 U.S. 329, 335 (1992). However, a federal district court may consider the propriety of the BOP's sentencing computation once a prisoner has exhausted available administrative remedies. *Id.* at 335–336. A federal prisoner may be entitled to habeas relief under 28 U.S.C. § 2241 if the federal court determines that the BOP miscalculated the prisoner's sentence. *Id.*

As the Court understands his argument, Petitioner asserts that when he was resentenced to time-served on the mail theft conviction, the good conduct credits he earned during the time he spent in prison should not have been added to create the artificial 3 years,

6

9 months, and 25 days sentence, when the duration between July 16, 2014, and September 1, 2017, is only 3 years, 1 month, and 16 days. He asserts that he is nevertheless entitled to good conduct time credits and jail credits for the time he spent in prison on his "time served" sentence.

Petitioner points to no authority, however, standing for the proposition that a prisoner is entitled to subtract good conduct time credits and jail credits from a "time served" sentence. The Court will defer to the BOP's interpretation on how to account for good conduct time and jail credits when computing a "time served" sentence and its impact on a consecutive term. *See Petty v. Stine*, 424 F.3d 509, 510 (6th Cir. 2005) (finding that the BOP's method of calculating good time credit is reasonable); *Perez-Olivo v. Chavez,* 394 F.3d at 51, 53 (1st Cir. 2005) (plain language of good time calculation statute is ambiguous, but BOP's interpretation is reasonable); *O'Donald v. Johns*, 402 F.3d 172, 174 (3rd Cir. 2005) (statute is ambiguous, but BOP's interpretation is reasonable); *Yi v. Fed. Bureau of Prisons,* 412 F.3d 526, 534 (4th Cir. 2005) (same); *Sample v. Morrison,* 406 F.3d 310, 313 (5th Cir. 2005) (deference to BOP's "permissible" interpretation is required) (dicta); *White v. Scibana,* 390 F.3d 997, 1002 (7th Cir. 2004) (same); *James v. Outlaw,* 126 F. App'x 758, 759 (8th Cir. 2005) (unpublished) (same); *Pacheco-Camacho v. Hood,* 272 F.3d 1266, 1271 (9th Cir.

2001) (same); *Brown v. McFadden,* 416 F.3d 1271, 1272 (11th Cir. 2005) (same). Petitioner's separate claim that he was not credited at all for the 72 days of prior custody credit is incorrect. The sentence computation sheet shows that Petitioner was credited with this jail credit when his sentence was calculated. Dkt. 10, Ex. 2.

Ultimately, Petitioner is asking the Court to end his supervisory release early to account for the "extra" time he claims he erroneously spent incarcerated. Petitioner was sentenced to serve one year of supervised release upon the end of his incarceration. Regardless of whether Petitioner's reduction in time had been miscalculated, causing him to spend slightly more time in custody than he should have,[5] such a miscalculation cannot be remedied by reducing the period of supervised release. "Supervised release has no statutory function until confinement ends." *United States v. Johnson*, 529 U.S. 53, 59 (2000); *United States v. Granderson,* 511 U.S. 39, 50 (1994) (observing that "terms of supervised release ... follow up prison terms").

Supervised release is intended to offer a level of support and assistance—a level substantially lower than that provided in prison—as a person re-enters society and attempts to transition back in to a productive, law-abiding life. *Johnson*, 529 U.S. at 59, ("Congress

---

[5] As stated above, this Court does not agree with Petitioner that the BOP's calculation of Petitioner's term of imprisonment was incorrect. The BOP's calculation was reasonable and accurate.

intended supervised release to assist individuals in their transition to community life."); *Gozlon-Peretz v. United States*, 498 U.S. 395, 407 (1991) ("Supervised release is a unique method of post-confinement supervision invented by the Congress[.]"). Supervised release is not a punitive measure, but a rehabilitative one. *Johnson* at *id.*, ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

Petitioner was sentenced to a one-year term of supervised release to commence after his release from imprisonment. Whether his imprisonment was in fact longer than it should have been (it was not) is irrelevant to the length of his supervised release. Petitioner's request to terminate supervised release early is DENIED.

### III. Conclusion

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus, construed as a petition for *coram nobis* relief, is **DENIED**. Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under 28 U.S.C. § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one.

**IT IS FURTHER ORDERED** that the pending motions in this case: Petitioner's motion to expedite (Dkt. 6), Petitioner's motion for leave to file supplemental brief (Dkt. 7), Petitioner's motion for an

extension of time (Dkt. 11), and Petitioner's motion for termination of supervised release (Dkt. 15), are **DENIED AS MOOT**.

Dated: October 29, 2018

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on October 29, 2018.

s/A. Chubb
Case Manager